**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT YAMBO | |
| Petitioner, | NO. 3:10-1939 |
| v. | (JUDGE CAPUTO) |
| WILLIAM A. SCISM, Warden of Allenwood, LSCI, | (MAGISTRATE JUDGE MANNION) |
| Respondent | |

**MEMORANDUM**

Before the Court is Magistrate Judge Mannion's report and recommendation ("R&R") (Doc. 12) on petitioner Yambo's writ of habeas corpus petition brought under 28 U.S.C. § 2241 along with Mr. Yambo's objections (Doc. 13) and Warden Scism's response. Mr. Yambo argues he is entitled to relief under § 2241 because he is actually innocent of being a career offender under U.S.S.G. § 4B1.1. Magistrate Judge Mannion recommends Mr. Yambo's petition be denied because § 2241 cannot be extended to prisoners who only claim *innocence of sentence*. Citing *Pollard v. Yost*, 406 Fed.Appx. 635 (3d Cir. 2011), Mr. Yambo argues in his objections that it can. However, *Pollard* held that § 2241 does not reach sentences based on plea agreements. The Court will therefore adopt the Magistrate Judge's R&R and will dismiss Mr. Yambo's petition.

**BACKGROUND**

In September 2003, Mr. Yambo entered a plea of guilty in the United States District Court for the Southern District of New York to charges arising out of a drug conspiracy. He was sentenced as a career offender under U.S.S.G. § 4B1.1 to 262 months in prison. Mr. Yambo did not file a direct appeal of his conviction or sentence. He also did not file

any challenge to either under 28 U.S.C. § 2255. In February 2010, Mr. Yambo filed a petition for writ of audita querela under 28 U.S.C. § 1651 which was denied. Then, in September 2010, he filed the instant action in which he argues that he is actually innocent of being a career offender under U.S.S.G. § 4B1.1. In his R&R, Magistrate Judge Mannion has helpfully synthesized Mr. Yambo's main contention:

> The petitioner argues that the sentencing court relied upon his prior drug convictions in order to sentence him as a career offender without examining the statutes of conviction and comparing their elements to the requirements of the enhancing provisions of U.S.S.G. §4B1.1. The petitioner contends that, at the time of his prior convictions, the identity of the controlled substances had only been a sentencing factor and not an element of the offense. Despite this, the petitioner contends that the sentencing court relied upon the identity of controlled substances in the prior convictions to determine his career offender status.

(R&R p. 2.) Mr. Yambo argues he is entitled to bring this action under § 2241 since §2255 is inadequate to test the legality of his claims. This is because the issue was unavailable to him prior to the United States Supreme Court's clarification of the difference between elements and sentencing factors in *United States v. O'Brien*, — U.S. —, 130 S.Ct. 2169 (2010); *Dean v. United States*, — U.S. —, 129 S.Ct. 1849 (2009).

In his R&R, Magistrate Judge Mannion recommended Mr. Yambo's petition be denied. Mr. Yambo filed his objections and Mr. Scism filed a response.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de*

2

*novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

The Court will adopt the Magistrate Judge's R&R. § 2241 is a narrowly carved remedy to the pleading strictures of § 2255. It is usually only allowed where a petitioner alleges *actual* innocence due to an intervening change in the law. While the Third Circuit suggested in *Pollard* that § 2241 *may* extend to innocence *of sentence* claims, it also held § 2241 inapplicable to sentences based on plea agreements.

Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. *See Davis v. United States*, 417 U.S. 333, 343(1974). A "safety valve" provision allows challenges to a conviction or sentence in certain narrow circumstances via the federal courts' § 2241 jurisdiction when a prisoner can show that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). The safety valve

provision was not amended by AEDPA. Section 2241 states that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a),(c)(3).

In *In re Dorsainvil*, the Third Circuit interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir.1997). In that case, the appellant was in the "unusual position" of having no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. *Id.* The Third Circuit therefore allowed the § 2241 petition to go forward since a subsequent change of law made the conduct the appellant was convicted of no longer criminal. *Dorsainvil*, 119 F.3d at 251-52. In the narrow circumstances the appellant in that case faced, the *Dorsainvil* court held that § 2255 was inadequate to test the legality of his detention. *Id.* at 251.

Subsequently, in *Levan v. Sneizek*, appellant had been sentenced to 293 months imprisonment after being convicted of conspiracy to manufacture more than one kilogram of methamphetamine. 325 Fed.Appx. 55 (3d Cir. 2009). After filing two motions under § 2255 which were denied, appellant filed a petition under § 2241. He claimed he was actually innocent *of the sentence* he received due to a clarification of the law subsequent to his conviction. In affirming the district court's dismissal of the petition, the Third Circuit distinguished the case from *Dorsainvil*: "[i]n *Dorsainvil*, we permitted a § 2241 petition to go forward where a subsequent change of law made the conduct the federal prisoner was

4

convicted of *no longer criminal*. But [appellant] does not contend that his conduct is no longer criminal; he argues only that he is *innocent of his sentence* in light of *Booker*." *Levan*, 325 Fed.Appx. at 57 (internal citation omitted)(emphases added).

More recently, however, in *Pollard v. Yost*, the Third Circuit appeared to question its previous limitation on the *Dorsainvil* exception to cases of actual innocence. There, appellant, pursuant to a plea agreement, had pled guilty to conspiracy to possess PCP with intent to distribute. 406 Fed.Appx. at 636. Although he disagreed, he was classified as a career offender under U.S.S.G. § 4B1.1 and sentenced in 2002 to 194 months imprisonment. Appellant's career offender classification was based in part on a 1983 state court drug conviction under former Ohio Rev.Code § 2925.03(A)(6). Although he did not directly appeal his sentence, he did file a petition under § 2255 arguing, *inter alia*, that he had been erroneously classified as a career offender. The petition was denied. In 2006, the Sixth Circuit held that § 2925.03(A)(6) was not a predicate offense for career status under § 4B1.1. *United States v. Montanez*, 442 F.3d 485, 487 (6th Cir. 2006). Appellant then filed for relief under § 2241, claiming § 2255 was inadequate to test the legality of his detention since *Montanez* had been decided after the disposition of his previous § 2255 petition. *Id.* at 637. While noting similarities between his case and *Dorsainvil*, the district court dismissed his petition. In affirming the dismissal, the Third Circuit held that appellant had not established there would be a "complete miscarriage" of justice were the court to not exercise § 2241 jurisdiction:

> Because it was a plea agreement that determined his sentence, we cannot be certain what it would have been absent that agreement. As we cannot determine whether he would have been sentenced to a shorter term of imprisonment had *Montanez* already been decided, or whether the Government

5

> would now make the same plea agreement as it did in 2002 if we remanded under a nullified plea agreement, [appellant] cannot demonstrate actual innocence of his sentence, regardless whether his career offender classification was in error.

*Pollard*, 406 Fed.Appx. at 638. In so ruling, however, the Third Circuit left open the possibility that, "*Dorsainvil* could be applied to a petitioner who can show that his or her sentence would have been lower but for a change in substantive law made after exhaustion of the petitioner's direct and collateral appeals under § 2255." *Id*.

Here, Mr. Yambo argues the Magistrate Judge incorrectly relied on *Levan* rather than *Pollard* in recommending dismissal of his petition. But the holding in *Pollard* makes clear that its suggestion that § 2241 could reach "innocence of sentence" claims does not apply to sentences based on plea agreements. Like the appellant in *Pollard*, Mr. Yambo's plea agreement determined his sentence. Thus, the Court does not know what his sentence would have been absent that agreement. Because the Court cannot determine whether or not his sentence would have been shorter if *O'Brien* and *Dean* had already been decided, Mr. Yambo cannot demonstrate actual innocence of his sentence. The Magistrate Judge's R&R will therefore be adopted and Mr. Yambo's petition will be dismissed.

### CONCLUSION

Because Mr. Yambo's petition fails to fall within the narrow parameters of § 2241, his petition will be denied. An appropriate order follows

| | |
|---|---|
| 12/22/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT YAMBO | |
| Petitioner, | NO. 3:10-1939 |
| v. | (JUDGE CAPUTO) |
| WILLIAM A. SCISM, Warden of Allenwood, LSCI, | (MAGISTRATE JUDGE MANNION) |
| Respondent | |

### ORDER

**NOW**, this   22nd   day of December, 2011, **IT IS HEREBY ORDERED THAT** Magistrate Judge Mannion's R&R (Doc. 12) is **ADOPTED** and Mr. Yambo's petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.   The Clerk of Court is directed to mark the case as **CLOSED**.

                                                 /s/ A. Richard Caputo  
                                                 A. Richard Caputo  
                                                 United States District Judge